# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LINDA NEVILS, | Case No. 2:17-CV-1993 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| RENT RECOVER OF BETTER NOI, LLC,, | |
| Defendant(s). | |

Presently before the court is defendant Rent Recover of Better NOI, LLC's motion to dismiss. (ECF No. 8). Plaintiff Linda Nevils filed a response (ECF No. 10), to which defendant replied (ECF No. 11).

**I.  Facts**

The instant dispute concerns the Fair Debt Collections Practices Act ("FDCPA").[1] Defendant is a debt collector. (ECF No. 1). On an unspecified date, defendant began collection activities on an alleged consumer debt owed by the plaintiff to third party Mt. Vernon. *Id.* Defendant reported the debt on plaintiff's credit report. *Id.* On October 21, 2016, plaintiff disputed the debt directly with the defendant. *Id.* On January 2, 2017, plaintiff ran a credit report and determined that defendant re-reported the alleged debt on plaintiff's December 2016 credit report. *Id.*

**II.  Legal Standard**

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case

---

[1] As defendant notes in its briefings, plaintiff's complaint is quite sparse. The court's recitation of the facts is thus constrained by the information provided in the complaint.

**James C. Mahan**
**U.S. District Judge**

unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).

Federal Rule of Civil Procedure 12(b)(1) allows defendants to seek dismissal of a claim or action for a lack of subject matter jurisdiction. Dismissal under Rule 12(b)(1) is appropriate if the complaint, considered in its entirety, fails to allege facts on its face sufficient to establish subject matter jurisdiction. *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d 981, 984–85 (9th Cir. 2008).

Although the defendant is the moving party in a 12(b)(1) motion to dismiss, the plaintiff is the party invoking the court's jurisdiction. As a result, the plaintiff bears the burden of proving that the case is properly in federal court to survive the motion. *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). More specifically, the plaintiff's pleadings must show "the existence of whatever is essential to federal jurisdiction, and, if [plaintiff] does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment." *Smith v. McCullough*, 270 U.S. 456, 459 (1926).

In moving to dismiss under Rule 12(b)(1), the challenging party may either make a "facial attack," confining the inquiry to challenges in the complaint, or a "factual attack" challenging subject matter on a factual basis. *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n. 2 (9th Cir. 2003). For a facial attack, the court assumes the truthfulness of the allegations, as in a motion to dismiss under Rule 12(b)(6). *Trentacosta v. Frontier Pac. Aircraft Indus., Inc.*, 813 F.2d 1553, 1559 (9th Cir. 1987). By contrast, when presented as a factual challenge, a Rule 12(b)(1) motion can be supported by affidavits or other evidence outside of the pleadings. *United States v. LSL Biotechs.*, 379 F.3d 672, 700 n. 14 (9th Cir. 2004) (citing *St. Clair v. City of Chicago*, 880 F.2d 199, 201 (9th Cir. 1989)).

### III.  Discussion

Defendant asserts that the court lacks subject matter jurisdiction over plaintiff's claims because plaintiff has not met the requirements for standing to sue. Plaintiff responds that a violation of the FDCPA creates a *per se* injury in fact.

To establish standing, a plaintiff must plead three elements: (1) an injury-in-fact; (2) a causal connection between the injury and the alleged misconduct; and (3) a likelihood that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). The party invoking federal jurisdiction bears the burden of demonstrating that it has standing to sue. *Id.* at 560–61. "[A]t the pleading stage, the plaintiff must 'clearly . . . allege facts demonstrating' each element" of standing. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)).

"To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent.'" *Spokeo*, 136 S. Ct. at 1548. Moreover, a concrete injury "must actually exist," and "must affect the plaintiff in a personal and individual way." *Id.* As the Court noted in *Spokeo*,

> Congress' role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right. Article III standing requires a concrete injury even in the context of a statutory violation. For that reason, Robins could not, for example, allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III.

*Id.* at 1549 (citing *Summers v. Earth Island Institute*, 555 U.S. 488, 496 (2009) ("[D]eprivation of a procedural right without some concrete interest that is affected by the deprivation ... is insufficient to create Article III standing"); *Lujan*, 504 U.S. at 572).

Upon remand from the Supreme Court in *Spokeo*, the Ninth Circuit held that the plaintiff pled "actual harm to [his] employment prospects" as well as "anxiety, stress, concern, and/or worry," as a result of defendant's inaccurate reporting, which was a sufficient allegation of a concrete injury. *Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1117 (9th Cir. 2017); see also *Maya v. Centex Corp.*, 658 F.3d 1060 (9th Cir. 2017) (holding that plaintiffs who paid more for their homes than the homes were worth, as a result of defendant's disclosures, sufficiently proved injury-in-fact and had Article III standing to sue the defendant developers).

Here, plaintiff's complaint does not allege a concrete injury in fact. Plaintiff's reference to damages consists of the following sentence: "[a]s a result of Defendant's deceptive, misleading and unfair debt collection practices described above, Plaintiff has been damaged." (ECF No. 5 at

3).  This does not satisfy the requirement that plaintiff demonstrate a concrete, particularized injury.  *See Spokeo*, 136 S. Ct. at 1548.  The court declines to adopt plaintiff's argument, and the holdings of the cases she cites in support, that an alleged violation of the FDCPA creates a *per se* injury-in-fact.

**IV.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion to dismiss (ECF No. 8) be, and the same hereby is, GRANTED.

Plaintiff's complaint will be dismissed without prejudice.

DATED November 30, 2017.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -